O

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| ALEJANDRO HERNANDEZ BERNAL,<br><br>    Plaintiff,<br><br>    v.<br><br>CAROLYN W. COLVIN, ACTING COMMISSIONER OF SOCIAL SECURITY ADMINISTRATION,<br><br>    Defendant. | Case No. CV 13-2372 JCG<br><br>**MEMORANDUM OPINION AND ORDER** |

Alejandro Hernandez Bernal ("Plaintiff") challenges the Social Security Commissioner ("Defendant")'s decision denying his application for disability benefits. In particular, Plaintiff contends that the Administrative Law Judge ("ALJ") erred in determining Plaintiff's residual functional capacity ("RFC"). (*See* Joint Stip. at 5-10, 14-16.) The Court addresses, and rejects, Plaintiff's contention below.

    A.    <u>The ALJ Properly Determined Plaintiff's RFC</u>

Plaintiff argues that the ALJ improperly determined his RFC. (*See id.*) Specifically, the ALJ erred by rejecting the medical opinions of Plaintiff's treating and examining physicians, as well as the "other source" opinions provided by Plaintiff's chiropractors. (*Id.*) The Court takes each argument in turn.

I. <u>The ALJ Properly Evaluated the Opinion of Plaintiff's Treating Physician</u>

First, Plaintiff argues that the ALJ improperly rejected the opinion of his treating physician, Dr. Brent Pratley. (*See id.* at 7-10.)

"Although a treating physician's opinion is generally afforded the greatest weight in disability cases, it is not binding on an ALJ with respect to the existence of an impairment or the ultimate determination of disability." *Tonapetyan v. Halter*, 242 F.3d 1144, 1149 (9th Cir. 2001) (citation omitted); *see Morgan v. Comm'r of Soc. Sec. Admin.*, 169 F.3d 595, 600 (9th Cir. 1999) ("[T]he opinion of the treating physician is not necessarily conclusive as to either a physical condition or the ultimate issue of disability."). Nevertheless, "the ALJ must present 'specific and legitimate reasons' for discounting the treating physician's opinion, supported by substantial evidence." *Bray v. Comm'r of Soc. Sec. Admin.*, 554 F.3d 1219, 1228 (9th Cir. 2009) (quoting *Lester v. Chater*, 81 F.3d 821, 830 (9th Cir. 1995)).

Here, the ALJ properly gave limited weight to Dr. Pratley's treating opinion for two reasons.[1]

First, the ALJ properly gave limited weight to Dr. Pratley's opinion because he prescribed conservative treatment. (Administrative Record ("AR") at 30); *see Rollins v. Massanari*, 261 F.3d 853, 856 (9th Cir. 2001) (ALJ properly rejected opinion of treating physician who prescribed conservative treatment). Specifically, the ALJ noted that "Dr. Pratley opined that [Plaintiff] would benefit from a conservative course of treatment, including physiotherapy, home exercises, and pain medication." (AR at 30, 408.) Dr. Pratley further advised Plaintiff to visit a

---

[1] Although the ALJ did not explicitly state that he rejected Dr. Pratley's opinion for the reasons discussed below, he incorporated them into his *analysis* of Dr. Pratley's opinion. (AR at 30); *see Magallanes v. Bowen*, 881 F.2d 747, 755 (9th Cir. 1989) ("As a reviewing court, we are not deprived of our faculties for drawing specific and legitimate inferences from the ALJ's opinion.").

2

chiropractor. (*Id.*); *see Lane v. Colvin*, 2013 WL 3449631, at *2 (C.D. Cal. July 9, 2013) (describing chiropractic treatment as conservative).

Next, the ALJ properly rejected the more extreme limitations imposed by Dr. Pratley in light of his relatively benign findings. (AR at 30-31); *see Burkhart v. Bowen*, 856 F.2d 1335, 1339-40 (9th Cir. 1988) (ALJ properly rejected treating physician's opinion which was unsupported by treatment notes, personal observations, or test reports). For instance, findings from physical examinations included that Plaintiff ambulated well, and the range of motion of his lumbar spine was only slightly diminished. (AR at 30, 402-11.) While there was some evidence of tenderness in the paraspinal muscles bilaterally, "there was no guarding or spasm noted." (*Id.*) Furthermore, a nerve conduction study was normal, "indicating no evidence of radiculopathy or neuropathy." (*Id.* at 30, 454-59.)

As such, the ALJ properly weighted Dr. Pratley's opinion.

## II. The ALJ Properly Evaluated the Opinion of Plaintiff's Examining Physician

Next, Plaintiff contends that the ALJ improperly rejected the opinion of his examining physician, Dr. Anthony T. Fenison. (*See* Joint Stip. at 6-7.)

An ALJ may reject the controverted opinion of an examining physician only for "specific and legitimate reasons that are supported by substantial evidence." *Carmickle v. Comm'r, Soc. Sec. Admin.*, 533 F.3d 1155, 1164 (9th Cir. 2008) (quoting *Lester*, 81 F.3d at 830-31).

Here, however, the ALJ did *not* reject Dr. Fenison's opinion. Contrary to Plaintiff's assertion, Dr. Fenison never opined that Plaintiff was restricted to lifting 13.5 pounds. (*See* Joint Stip. at 6; AR at 301.) Rather, after noting that Plaintiff's chiropractor, Dr. *Gasparian*, found such a restriction, Dr. Fenison explicitly rejected the finding as "somewhat excessive." (*Id.* at 301, 495.) Indeed, Dr. Fenison *only* precluded Plaintiff from "repetitive activities involving his lumbar spine" and "*heavy* lifting activities." (*Id.* at 28, 301) (emphasis added). As such, the ALJ

1  actually *adopted* Dr. Fenison's opinion in finding that Plaintiff "cannot perform
2  repetitive stopping, crouching, or twisting[,]" but can "carry 20 pounds occasionally
3  and 10 pounds frequently[.]" (*Id.*)
4      The ALJ thus properly evaluated Dr. Fenison's examining opinion.

        III.    <u>The ALJ Properly Evaluated the Opinions of Plaintiff's Chiropractors</u>

7      Finally, Plaintiff argues that the ALJ improperly rejected the opinions of
8  his chiropractors, Drs. Anna Gasparian and Andrew Mer. (*See* Joint Stip. at 8-10.)
9      Because chiropractors are not "acceptable medical sources," 20 C.F.R. §
10 404.1513(a); *Bunnell v. Sullivan*, 912 F.2d 1149, 1152 (9th Cir. 1990), *rev'd en banc*
11 *on other grounds*, 947 F.2d 341 (9th Cir. 1991) ("a chiropractor[] . . . is not
12 considered an acceptable medical source[]"), their opinions are entitled to less
13 weight than those offered by physicians. 20 C.F.R. § 404.1513(d). An ALJ may
14 discount "other source" opinions if he gives germane reasons for doing so. *Molina*
15 *v. Astrue*, 674 F.3d 1104, 1111 (9th Cir. 2012); *see Dodrill v. Shalala*, 12 F.3d 915,
16 919 (9th Cir. 1993); *accord Lewis v. Apfel*, 236 F.3d 503, 511 (9th Cir. 2001).
17     Here, the ALJ committed no error in rejecting certain lifting limitations
18 imposed by Plaintiff's chiropractors[2] in favor of those prescribed by the examining
19 physician. *See Figueroa v. Astrue*, 2011 WL 4084852, at *6 (E.D. Cal. Sept. 13,
20 2011) (ALJ is "entitled to favor the supported treating and examining observations
21 of licensed physicians over the opinions of a chiropractor who is not an acceptable
22 medical source.") As described above, the ALJ's RFC encompasses the lifting

---

[2] Notably, the opinions of Drs. Gasparian and Mer are inconsistent. Dr. Gasparian would agree with the ALJ's RFC that Plaintiff can lift 10 pounds frequently, but would disagree that he can lift 20 pounds occasionally. (AR at 495.) Dr. Mer, on the other hand, would agree that Plaintiff can lift 20 pounds occasionally, but would disagree that he can lift 10 pounds frequently. (*Id.* at 460.) As such, the ALJ *did*, in fact, incorporate a portion of each opinion into his RFC. (*See id.* at 28.)

1   limitations assessed in Dr. Fenison's examining opinion. (*See* AR at 28, 301.) This
2   alone is a germane reason for rejecting the opinions of Drs. Gasparian and Mer. *See*
3   *Figueroa*, 2011 WL 4084852, at *6.
4       For the above reasons, the ALJ properly evaluated the opinions of Plaintiff's
5   physicians and chiropractors, and in turn, properly determined Plaintiff's RFC.
6       Based on the foregoing, **IT IS ORDERED THAT** judgment shall be entered
7   **AFFIRMING** the decision of the Commissioner denying benefits.

Dated: September 23, 2014

_____
Hon. Jay C. Gandhi
United States Magistrate Judge

5